vMorganCus

FILED

APR 1 8 2011

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

**COMPLAINT UNDER CIVIL RIGHTS ACT 42 U.S.C. § 1983**

Action Number _____N/A__ 2:11cv220

(To be supplied by the Clerk, U.S. District Court)

Please fill out this complaint form completely. The Court needs the information requested in order to assure that your complaint is processed as quickly as possible and that all your claims are addressed. Please print/write legibly or type.

## I.    PARTIES

A.    Plaintiff:

    1.   (a) __Ovell T.Barber__      (b) __1172388__
             (Name)              (Inmate number)

         (c) __Greensville Correctional Center__
             (Address)

         __901 Corrections Way,Jarratt__,VA 23870

**Plaintiff MUST keep the Clerk of Court notified of any change of address due to transfer or release. If plaintiff fails to keep the Clerk informed of such changes, this action may be dismissed.**

**Plaintiff is advised that only persons acting under the color of state law are proper defendants under Section 1983. The Commonwealth of Virginia is immune under the Eleventh Amendment. Private parties such as attorneys and other inmates may not be sued under Section 1983. In addition, liability under Section 1983 requires personal action by the defendant that caused you harm. Normally, the Director of the Department of Corrections, wardens, and sheriffs are not liable under Section 1983 when a claim against them rests solely on the fact that they supervise persons who may have violated your rights. In addition, prisons, jails, and departments within an institution are not persons under Section 1983.**

B.    Defendant(s):

    1.   (a) __Mrs.Randolph__      (b) __Inmate Hearing Officer__
             (Name)           (Title/Job Description)

         (c) __Powhatan Correctional Center__
             (Address)

         __State Farm,Virginia 23160__



RECEIVED

APR 1 2 2011

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

2.     (a) Sgt.,Bendrick                          (b) Senior Investigator
           (Name)                                      (Title/Job Description)

       (c) Powhatan Correctional Center
           (Address)

       State Farm,Virginia 23160

3.     (a) C/O-M.Serrano                          (b) Correctional Officer, &
           (Name)                                      Junior Investigator.
                                                       (Title/Job Description)

       (c) Powhatan Correctional Center
           (Address)

       State Farm,Virginia 23160

If there are additional defendants, please list them on a separate sheet of paper. Provide all
identifying information for each defendant named. PLEASE SEE ATTACHMENT'S....

**Plaintiff MUST provide a physical address for defendant(s) in order for the Court to serve
the complaint. If plaintiff does not provide a physical address for a defendant, that person
may be dismissed as a party to this action.**

## II.   PREVIOUS LAWSUITS

A.     Have you ever begun other lawsuits in any state or federal court relating to your
       imprisonment?   Yes [X]   No [  ]

B.     If your answer to "A" is Yes: You must describe any lawsuit, whether currently pending
       or closed, in the space below. If there is more than one lawsuit, you must describe each
       lawsuit on another sheet of paper, using the same outline, and attach hereto.

       1.     Parties to previous lawsuit:

       Plaintiff(s) Please see attachment's. _____

       Defendant(s) Please see attachment's. _____

       _____

       2.     Court (if federal court, name the district; if state court, name the county):

       Please see attachment's. _____

       3.     Date lawsuit filed: Please see attachment's. _____

       4.     Docket number: Please see attachment's. _____

5.      Name of Judge to whom case was assigned:  **Please see attachment's.**

_____

6.      Disposition (Was case dismissed?  Appealed?  Is it still pending?  What relief was granted, if any?) :

**Please see attachment's.**_____

_____

## III.   GRIEVANCE PROCEDURE

A.   At what institution did the events concerning your current complaint take place: _____

**Powhatan Correctional Center**_____

B.   Does the institution listed in "A" have a grievance procedure?  Yes [ **X** ]  No [    ]

C.   If your answer to "B" is Yes:

1.      Did you file a grievance based on this complaint?  Yes [    ]  No [**X** ]

2.      If so, where and when:  **Non-Grievable/Had to Appeal it.**_____

3.      What was the result?   **Non-Grievable/Had to Appeal it.**_____

_____

4.      Did you appeal?  Yes [**X** ]  No [    ]

5.      Result of appeal:  **The Appeal's were unfounded.**_____

_____

D.   If there was no prison grievance procedure in the institution, did you complain to the prison authorities?  Yes [X   ]  No [    ]

If your answer is Yes, what steps did you take?  **Appeal.**_____

_____

E.   If your answer is No, explain why you did not submit your complaint to the prison authorities:

**I did/by way of appeal.**_____

_____

## IV.   STATEMENT OF THE CLAIM

State here the facts of your case.  Describe how each defendant is involved and how you were harmed by their action.  Also include the dates, places of events, and constitutional amendments you allege were violated.

If you intend to allege several related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets if necessary.

__See, Attached Statement of the Claim:__

A. Plaintiff proceed in this cause of action pro-se, and respect-fully ask that this court hold his petition to a less stringent standard than those filed by qualified legal counsel.

B. Plaintiff claims that Defendant's named in this petition is, and have violated his due process in violation of the Fourteenth Amendment.

## V.    RELIEF

I understand that in a Section 1983 action the Court cannot change my sentence, release me from custody or restore good time. I understand I should file a petition for a writ of habeas corpus if I desire this type of relief. _O.B._____ (please initial)

The plaintiff wants the Court to: (check those remedies you seek)

_____  Award money damages in the amount of $  **Please see attachment's.**_____

_____  Grant injunctive relief by **Please see attachment's.**_____

_____  Other **Please see attachment's.**_____

## VI.   PLACES OF INCARCERATION

Please list the institutions at which you were incarcerated during the last six months. If you were transferred during this period, list the date(s) of transfer. Provide an address for each institution.

**Greensville Correctional Center.**_____

_____

_____

## VII.  CONSENT ...TRIAL BY JURY...

CONSENT TO TRIAL BY A MAGISTRATE JUDGE: The parties are advised of their right, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge preside over a trial, with appeal to the U.S. Court of Appeals for the Fourth Circuit.

**Do you consent to proceed before a U.S. Magistrate Judge: Yes [x ]   No [   ].** You may consent at any time; however, an early consent is encouraged.

## VIII.  SIGNATURE

If there is more than one plaintiff, each plaintiff must sign for himself or herself.

Signed this __5th__ day of __April_____ , 20_11_____ .

Plaintiff _O. Barber_____

**ATTACHMENT CONTINUED**
**DEFENDANT'S**

4. (a) C/O-Quintanno _____ (b) Correctional Officer _____
       Name                                   (title/job discription

   (c)Powhatan Correctional Center _____
      (Address)
      State Farm,Virginia 23160 _____


5. (a) Lt.,Williams _____ (b) M-Building Supervisor _____
       Name                                   (title/job discription

   (c)Powhatan Correctional Center _____
      (Address)
      State Farm,Virginia 23160 _____


6. (a) Ms.Ramler _____ (b) Treatment Program Supervisor (TPS)
       Name                                   (title/job discription

   (c)Powhatan Correctional Center _____
      (Address)
      State Farm,Virginia 23160 _____


7. (a)Major.,Scott _____ (b) Major/Head of Security _____
       Name                                   (title/job discription

   (c)Powhatan Correctional Center _____
      (Address)
      State Farm,Virginia 23160 _____


8. (a) Eddie L.Pearson _____ (b) Warden _____
       Name                                   (title/job discription

   (c)Powhatan Correctional Center _____
      (Address)
      State Farm,Virginia 23160 _____


9. (a)G.K.Washington _____ (b) Regional Director _____
       Name                                     (title/job discription

   (c) 6900 Atmore Drive _____
      (Address)
      Richmond,Virginia 23236 _____

7

ATTACHMENT CONTINUED

## PREVIOUS LAWSUITS

Plaintiff has in the past initiated several other causes of actions with the federal Courts pursuant to 42 U.S.C. § 1983, and said suits were dismissed for different reasons; failure to state a claim, frivolous, etc. Plaintiff no longer retain any of those documents due to visits to the hospital, and his personal property being lost, to provide this court with an accurate response to this section of the petition. However, petitioner do have pending litigation in this court (42 U.S.C. § 1983 - **Action No. 2:10cv509**) now that's being litigated.

Thusly, plaintiff is paying the filing fee of $350.00 dollars, that this Honorable Court will place plaintiff's suit on the Court's Docket, and serve a copy to all the Defendant's. Also, the issue's in this law suit are non-grievable, but the plaintiff did exhaust his appeal's through the appeal process. Thus, the two year statute of limitation starts to run on 11/20/2009, & 1/31/2010.

8

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF VIRGINIA**

<u>COMPLAINT UNDER CIVIL RIGHTS ACT 42 U.S.C. 1983</u>

Ovell T.Barber,                    )
    Plaintiff,              )
                        )

V.                                             Civil Action No.: _2.11cv220_

                       )
Mrs.Randolph                       )
Sgt.,Bendrick                      )
C/O-M.Serrano
C/O-Quintanno
Lt.,Williams                       )
Ms.Ramler                          )
Major.,Scott                       )
Eddie L.Pearson
G.K.Washington,
    Defendant's.            )
                       )
                       )

<u>PRELIMINARY STATEMENT</u>

This cause of action came into existance on **11/20/2009**, when plaintiff was issued an institutional infraction (Solicitation of-staff misconduct-135) at Powhatan Correctional Center, and also on 1/31/2010 when plaintiff was issued another institutional infra-ction (Conspiracy or making plans to commit/kill or attempting to kill any person-198,A/100), in which was also at Powhatan Correct-ional Center. This is a Civil Rights Action filed by Ovell T.Barber, #1172388 (Plaintiff), a state prisoner for damages under 42 U.S.C.-Sub Section 1983, alleging that all above mentioned defendant's violated Plaintiff's Due Process and Equal Protection required by the **14th Amendment** to the **U.S. Constitution.**

## JURISDICTION

**1).** This cause of action is brought pursuant to 42 U.S.C. Sub Section 1983 because Plaintiff's Constitutional Right's protected under the 14th Amendment was violated by individuals acting under the color of state law. Vested jurisdiction is based upon 28 U.S.C. Sub Section 1331 and 1343. This court further has supplemental jurisdiction over the state claims.

ATTACHMENT CONTINUED

## STATEMENT OF THE CLAIMS AND PARTIES

### PARTIES

2). The plaintiff, Ovell T.Barber, was incarcerated at Powhatan Correctional Center during the events described in this complaint.

3). Defendants Mrs.Randolph/Inmate Hearing Officer, and Sgt.,Bendrick/Senior Investigator are employed at Powhatan Correctional Center. They are being sued in their individual capacities.

4). Defendants C/O-M.Serrano/Junior Investigator, and C/O-Quintanno are employed at Powhatan Correctional Center. They are being sued in their individual capacities.

5). Defendants Lt.,Williams/M-Building Supervisor, and Ms.Ramler/ Treatment Program Supervisor (TPS), are employed at Powhatan Correctional Center. They are being sued in their individual capacities.

6). Defendant Major.,Scott/Head of Security, and Eddie L.Pearson/ Warden, are employed at Powhatan Correctional Center. They are being sued in their individual Capacities.

7). Defendant G.K.Washington/Regional Director, is employed by the Virginia Department of Corrections (VDOC). He is being sued in his individual Capacity.

**FACTS**

8). On 11/24/2009, Plaintiff was issued an institutional infraction that was written by Sgt.,Bendrick/Senior Investigator for, (Solicitation of staff misconduct-135). Said charge was based on Plaintiff received, and had in his possession, U.S. Mail that C/O-Rodwell had written to Plaintiff. Please see, Exhibit's,A-I- & Y.

9). On 12/9/2009, Plaintiff disciplinary hearing was held by Mrs.Randolph/Inmate Hearing Officer. Thus, Plaintiff was denied an impartial fact finder during the entire disciplinary hearing, and after being found guilty of said infraction Plaintiff appealed said guilty verdict by Mrs.Randolph to, Eddie L.Pearson/Warden, and then to G.K.Washington/Regional Director. Both Eddie L.Pearson and G.K.Washington up-held the guilty verdict, denying Plaintiff an impartial fact finder. Please see, Exhibit's, B,1-D,2.

10). Analogously, after being locked-up in the Special Housing Unit (SHU), at Powhatan Correctional Center (M-Building), for the alleged violation of the above mentioned institutional infraction (135); on 2/4/2010, Plaintiff was issued another institutional infraction that was written by C/O-M.Serrano/Junior Investigator for, (Conspiracy or making plans to commit/kill or attempting to kill any person-198-A/100). Said charge was based on a conversation that Plaintiff allegedly had with inmate "John Royal" - "Retreiving Major.,Scott's address - give it to Plaintiff so that Plaintiff can kill Major.,-Scott when he get out of prison". Ironically, Plaintiff release date to get out of prison at that time was (2039!) Please see, Exhibit,E.

12

**11).** On 2/16/2010, Plaintiff second disciplinary hearing was held by Mrs.Randolph/Inmate Hearing Officer for the (198-A/100), institutional charge. Thus,Plaintiff was <u>denied</u> <u>an</u> <u>impartial</u> <u>fact</u> <u>finder</u> during the entire disciplinary hearing, and after being found guilty of said infraction Plaintiff appealed said guilty verdict by Mrs.-Randolph to, Eddie L.Pearson/Warden, and then to G.K.Washington/ Regional Director. Both, Eddie L.Pearson and G.K.Washington up-held the guilty verdict, denying Plaintiff an impartial fact finder. <u>Please</u> <u>see</u>, <u>Exhibit's</u>,<u>F</u>-<u>G</u>-<u>H</u>,<u>1</u>-<u>H</u>,<u>2</u>.

## VIOLATION OF DUE PROCESS

**12).** On 12/9/2009, Plaintiff Due Process of the 14th Amendment to the U.S. Constitution was violated. Plaintiff was denied an impartial fact-finder during his disciplinary hearing because, the hearing officer Mrs.Randolph mind was already made up that Plaintiff was guilty of the 135-infraction mentioned above, and she assessed evidence she did not see during the disciplinary hearing, and evidence she did not go and check to make part of the record. <u>Please</u> <u>see</u>,<u>Exhibit's</u>,<u>-</u> <u>B</u>,<u>1</u>-<u>D</u>,<u>2</u>. And, <u>Tape-Reference</u> <u>number:2009-1791</u>.

**13).** On 12/9/2009, Plaintiff Due Process of the 14th Amendment to the U.S. Constitution was violated. Plaintiff was denied an impartial fact-finder during his disciplinary hearing because, the hearing officer Mrs.Randolph <u>allowed the reporting officer "Sgt.,Bendrick</u> <u>to produce false evidence against the Plaintiff during the disciplinary</u> <u>hearing that was held on 12/9/2009.Please</u> <u>see</u>, <u>Exhibit's</u>, <u>B</u>,<u>1</u>-<u>D</u>,<u>2</u>,and <u>Y</u>.

13

14). On 12/9/2009, Plaintiff Due Process of the 14th Amendment to the U.S. Constitution was violated. Plaintiff was denied an impartial fact-finder during his disciplinary hearing because, the hearing officer Mrs.Randolph allowed the following:

"The Offense Code for the disciplinary infraction is a (135-Solicitation of Staff Misconduct), via (U.S.Mail-& Verbal). "Bendrick" never produced any U.S.Mail from the Plaintiff's personal property that was from "C/O-Rodwell", and he did not have any signed statements from C/O-Rodwell that she was in violation of a 135-infraction. But, Bendrick stated that he did at the hearing - have in his possession said statement from C/O-Rodwell, but the hearing officer "Mrs.Randolph" never checked it, or enen looked at the so-called signed statements from C/O-Rodwellbecause there was none. Further, (Verbal) cannot be added to a 135-infraction by Bendrick, because by policy (861), it only reads; <u>solicitation of Staff Misconduct</u>,and the elements are, I) <u>COERCION</u>, II).<u>PERSUASION</u>, III).<u>INTIMIDATION</u>, or IV).<u>INFLUENCE.</u> Neither Mrs.Randolph or Bendrick could find ay of the elements to connect and convict Plaintiff of a 135-infraction, but regardless of that fact, Mrs.Randolph allowed a conviction instead of dismissing the infraction. <u>Please see</u>,<u>Exhibit's</u>,<u>A</u>-<u>I</u>- and <u>Y</u>."

15). On 12/9/2009, Plaintiff Due Process of the 14th Amendment to the U.S. Constitution was violated. Plaintiff was denied an impartial fact-finder during his disciplinary hearing because, the hearing officer Mrs.Randolph allowed the following: Plaintiff asked the reporting officer the following question at the hearing, "If you took some mail from my property that C/O-Rodwell wrote to me (SUPPOSEDLY), do policy state that you're suppose to give me a confiscation form by way of policy? After Plaintiff asked Bendrick the above mentioned question, the hearing officer Mrs.Randolph asked Bendrick the same question. Bendrick stated to the hearing officer that, "he wasn't a 100% sure." Thus, instead of adjourning the hearing by way of policy, to go and check the policy, the hearing officer went on with the hearing, allowing Bendrick to be untruthful with false evidence agaist Plaintiff, not affording Plaintiff an impartial fact-finder. Please see,Tape-reference number:2009-1791. Also, Exhibit's,A-I- and Y.

16). Plaintiff was not afforded an impartial fact-finder on 12/9/2009, because Mrs.Randolph kept cutting Plaintiff off when Plaintiff tried to ask questions about (VDOC) policy concerning the 135-infraction. Please see, Tape-Reference number:2009-1791.

17). On 12/9/2009, Plaintiff Due Process of the 14th Amendment to the U.S. Constitution was violated. Plaintiff was denied an impartial fact-finder during his disciplinary hearing because, the hearing officer Mrs.Randolph allowed the following: The hearing officer allowed Bendrick to state that he matched up C/O-Rodwell hand writing with mail he got out of Plaintiff's property, but he never produced mail from Plaintiff's property because per policy - Bendrick did not take mail from Plaintiff's property because he couldn't produce a confiscation form that he charged plaintiff for having said contraband. Thus, Plaintiff had no U.S.Mail from C/O-Rodwell in his property. Please see, Exhibit's,A-I- & Y.

15

18). On 12/9/2009, Plaintiff Due Process of the 14th Amendment to the U.S. Constitution was violated. Plaintiff was denied an impartial fact-finder during his disciplinary hearing because, the hearing officer Mrs.Randolph allowed the following: At the end of the hearing the hearing officer showed a lack of impartiality by asking plaintiff a prosecutorial question - "why did C/O-Rodwell resign?" Plaintiff stated, "I don't know, I was locked -up in M-Building". Mrs.Randolph said, "I don't believe you", and commence to pose punishment on the Plaintiff. However, the hearing officer's (REASON FOR-DECISION-to FIND PLAINTIFF GUILTY OF SAID OFFANSE-135), contradict her reason why she thought Plaintiff was guilty. And, said (REASON FOR-DECISION) was: "The reporting officer stated that this inmate was communicating with staff via the U.S.Mail". Please see,Exhibit, Z,11, and, Tape-Reference number:2009-1791.

19). Plaintiff Due Process of the 14th Amendment was violated by Sgt.,Bendrick/Senior Investigator because, On 11/24/2009 Bendrick wrote a false infraction on Plaintiff, and introduced false evidence at the disciplinary along with being untruthful, so that the Plaintiff could be found guilty of said infraction (Solicitation of Staff-Misconduct-135). Thus, Plaintiff was placed on isolation and denied parole because of this, with his security level being raised, losing good-time of more than five years. Please see, Exhibit's,A-I-J- & Y.

## VIOLATION OF DUE PROCESS & EQUAL PROTECTION OF THE LAW

20). On 2/16/2010, Plaintiff Due Process and Equal Protection of the 14th Amendment to the U.S. Constitution was violated. Plaintiff was denied an impartial fact-finder during his disciplinary hearing because, the hearing officer Mrs.Randolph denied Plaintiff documentary evidence to prove his innocence, that Plaintiff was not guilty of the 198-A/100 infraction mentioned above. For the documentary evidence was the security camera in M-Building facing the Plaintiff's cell, in which would have shown C/O-Quintanno explaining to Plaintiff that he did not write no infraction on the Plaintiff, then coming back later explaining to Plaintiff that Major.,Scott, Lt.,Williams, Sgt.,Bendrick, and C/O-M.Serrano threaten him to write the infraction, and that they had also coached him on what to say at the hearing. Please see, Exhibit's,E-M-N-O-P-Q-X-Z,11, & Tape-Reference number: 2010-2030.

21). On 2/16/2010, Plaintiff Due Process and Equal Protection of the 14th Amendment to the U.S. Constitution was violated. Plaintiff was denied an impartial fact-finder during his disciplinary hearing because, the hearing officer "Mrs.Randolph" would not allow the Plaintiff to question C/O-Quintana or C/O-M.Sarrano fully and fairly. Please see, Exhibit,F. And, Tape-Reference number:2009-1791.

22). On 2/16/2010, Plaintiff Due Process and Equal Protection of the
14th Amendemnt to the U.S. Constitution was violated. Plaintiff was
denied an impartial fact-finder during his disciplinary hearing
because, the hearing officer "Mrs.Randolph" allowed C/O-M.Serrano
to write the Plaintiff a different infraction (198-A/100), compared
to the other co-conspirator "Mr.John Royal", in which was a...
(298-A/212). The Plaintiff's infraction is much harsher than Mr.royal's,
in which is also discriminatory, for it reads: "Conspiracy or making
plans to commit/kill or attempting to kill any person." Thus, Mr.Royal's
infraction reads: "Conspiracy or making plans to commit/threating
bodily harm". Please see, Exhibit-K. Thus, when Plaintiff tried to
ask C.'O-M.Serrano during the disciplinary hearing-"why did you write
two different infractions if conspiracy is two or more people?"
"Mrs.Randolph" cut Plaintiff off, and would not allow Plaintiff to ask
that question. Please see,Tape-Reference number:2010-2030.

23). Mrs.Randolph, C/O-M.Serrano, Sgt.,Bendrick, C/O-Quintanno,
Lt.,Williams, Ms.Ramler, Major.,Scott, Eddie L.Pearson, and G.K.-
Washington, all violated the Plaintiff's Due Process and Equal Pro-
tection of the Law. Please see, Exhibit-L. When Plaintiff was in
M.Building where Lt.,Williams is the Supervisor- and Plaintiff was
begging his counselor (B.Marano) to transfer him away from Powhatan
because his life was in danger, and that plaintiff knew that the
above mentioned staff was out to get him. And, the counselor respon-
ded back; "I have asked several times to have you moved asap." Thus,
Plaintiff was issued an infraction by the above staff, 198-A/100,
"conspiracy to kill Major.,Scott, because the above staff was up-
set/ mad with the Plaintiff for filing litigation. Please see,
Exhibit's,A-Z,19.

24). Plaintiff was found guilty of the 198-A/100 infraction, and inmate John Royal was not found guilty of his infraction, 298-A/212. Thus, the above mentioned staff discriminated against the Plaintiff when they found the Plaintiff guilty of a 198-A/100, and knew that John Royal could not be found guilty of a 298-A/212. Thus they knew that they could not charge John Royal because he was a county jail inmate, for he simply did not belong in M-Building, and if Plaintiff and John Royal conspired together, both above offenses should have been written the same but they were not. This was in violation of the 14th Amendment to the U.S. Constitution. Please see,Exhibit's,- M-Z,19.No such conversation ever took place between the Plaintiff and John Royal, to kill any one.

25). Lt.,Williams, Ms.Ramler, and Major.,Scott violated Plaintiff's Due Process and Equal Protection of the Law because, they signed off on document's validating lost-goodtime, security level increase, and isolation time for the 135-infraction before the Plaintiff was found guilty, and they also singed off on the 198-A/100-infraction. Also,Plaintiff's (Annual Review) had already past by on (10/2009), and they still applied both infractions mentioned above to Plaintiff's (Annual Review) for punishment, when they were not allowed to do so, violating Plaintiff's Due Process, as a result Plaintiff being denied discretionary parole. Please see, Exhibit's,A-Z,19.

26). Eddie L.Pearson and G.K.Washington violated Plaintiff's Due-Process and Equal protection of the Law because, they both up-held Mrs.Randolph's bias fact-finding for both the 135-infraction and the 198-A/100-infraction on Appeal. As a result of such, Plaintiff was denied discretionary parole. Please see, Exhibit's,A-Z,19.

## CLAIM FOR RELIEF

27). The failure of defendant Mrs.Randolph/Inmate Hearing Officer
(IHO), to provide Plaintiff an impartial fact-finder on 12/9/2009,
and 2/16/2010, and finding the Plaintiff guilty for both infractions
placing Plaintiff in isolation; taking plaintiff's good-time;
Raising Plaintiff's security level; and, as a result Plaintiff was
denied discretionary parole, constituted a violation of Due Process
and Equal Protection of the Law of the Fourteenth Amendment to the
United States Constitution.

28). The actions of Sgt.,Bendrick/Senior Investigator, to write
Plaintiff an institutional infraction that was false,(Solicitation-
of staff misconduct-135), not being able to produce a confiscation
form at the disciplinary hearing on 12/9/2009, that he took mail
from the Plaintiff's locker that C/O-Rodwell supposedly wrote to
Plaintiff, and was not honest at the disciplinary hearing when he
was found guilty as a result being placed in isolation; lost of
good-time; Raising plaintiff's security level; and, as a result
denied discretionary parole, constituted a violation of Due Process
of the Fourteenth Amendment to the United States Constitution.

29). The actions of C/O-M.Serrano and C/O-Quintanno to write a false
infraction on Plaintiff on 2/4/2010, and to falsely testify during a
disciplinary hearing on 2/16/2010, that Plaintiff conspired with
John Royal to kill Major.,Scott, and Plaintiff was found guilty of
said infraction being placed in isolation; lost his good-time; his
security level was raised; and, as a result Plaintiff was denied
discretionary parole, constituted a violation of Due Process and
Equal protection of the Law of the Fourteenth Amendment to the
United States Constitution.

30). The actions of Lt.,Williams/M-Building Supervisor to sign off on isolation time for both false infractions (135) and (198-A/100), and not to investigate with due care the serrious infraction that was wrote on Plaintiff while in (M-Building), and, as a result Plaintiff lost his good time; Plaintiff was given isolation time, security level was raised, and Plaintiff was denied discretionary parole because of Lt.,Williams actions not to act with due care as M-Building Supervisor, constituted a violation of Due Process and Equal Protection of the Law of the Fourteenth Amendment to the United States Constitution.

31). The actions of Ms.Ramler/Treatment Program Supervisor (TPS), and Major.,Scott/Head of Security, took it upon themselves to raise Plaintiff's security level,. took Plaintiff's good time for the false infraction that was wrote on Plaintiff-135. Thus, both defendants invoked the above punishment to the Plaintiff before Plaintiff was found guilty of the (135-infraction). Punishment was invoked on (11-20-09), and Plaintiff was found guilty of the false infraction on (12-9-09). As a result, Plaintiff was denied discretionary parole, in which, constituted a violation of Due Process of the Fourteenth Amendment to the United States Constitution. Also, both applied punishment to Plaintiff's (Annual Review) concerning the (135-infraction), after the fact, violating Plaintiff's Due Process of the Fourteenth Amendment to the United States Constitution.

32). The actions of Eddie L.Pearson/Warden, and G.K.Washington/ Regional Director up-holding the actions of Mrs.Randolph/(IHO),denying Plaintiff an impartial fact-finder for both infractions, (135) and (198-A/100), resulted in Plaintiff being issued isolation time; losing good-time; security level being raised, and also, denied discretionary parole, constituted a violation of Due Process and Equal Protection of the Law of the Fourteenth Amendment to the United States Constitution.

## ATTACHMENT CONTINUED
### RELIEF REQUESTED

## RELIEF REQUESTED

**WHEREFORE,**plaintiff requests that the court grant the following relief:

**A.** Issue declatory judgment stating that:

1.Defendant's Mrs.Randolph/Inmate Hearing Officer, Sgt.,Bendrick/ Senior Investigator, C/O-M.Serrano/Junior Investigator, Ø/O-Quintanno, Lt.,Williams/M-Building Supervisor, Ms.Ramler/Treatment Program Supervisor, Major.,Scott/Head of Security, Eddie L.Pearson/Warden, and G.K.Washington/Regional Director actions in violating Plaintiff's rights under the Fourteenth Amendment to the United States Constitution.

**B.** Award compensatory damages in the following amounts:

1.$1,000,000.00 jointly and severally against defendant's Mrs.Randolph/ Inmate Hearing Officer, Sgt.,Bendrick/Senior Investigator, C/O- M.Serrano/Junior Investigator, C/O-Quintanno, Lt.,Williams/M-Building- Supervisor, Major.,Scott/Head of Security, Eddie L.Pearson/Warden, and G.K.Washington/Regional Director for the punishment and emotional injury resulting from their denial of Due Process in connection with the Plaintiff's disciplinary proceeding.

**C.** Award punitive damages in the following amounts:

1.$1,000,000.00 each against defendant's Mrs.Randolph/Inmate Hearing- Officer, Sgt.,Bendrick/Senior Investigator, C/O-M.Serrano/Junior- Investigator, C/O-Quintanno, Lt.,Williams/M-Building Supervisor, Ms.Ramler/Treatment Program Supervisor, Major.,Scott/Head of Security, Eddie L.Pearson/Warden, and G.K.Washington/Regional Director.

**D.**Grant such other relief as it may appear that Plaintiff is entitled.

**DATE:** _4/5/2011_

**RESPECTFULLY SUBMITTED**

_O.Barber #1172388_
Ovell T.Barber,#1172388

Greensville Correctional Center
901 Corrections Way
Jarratt,Virginia 23870